UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MAGDA TORRES JUSINO

    **Plaintiff**

    v.                                       CIVIL NO. 98-1974 (JAG)

MUNICIPALITY OF SAN JUAN, et al.

    **Defendants**

## MEMORANDUM AND ORDER

GARCIA-GREGORY, D.J.

    The Court has reviewed defendants's "Motion Requesting Dismissal or Stay of Proceedings" (Docket No. 24) and plaintiff's opposition (Docket No. 35). Upon review of the parties's submissions, the Court denies the motions. Simply put, the Court finds that this case does not present the requisite exceptional circumstances to warrant Colorado River abstention.

    There is a "heavy presumption favoring the exercise of jurisdiction." Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 12 (1st Cir. 1990). There must be some extraordinary circumstances for a federal court to shrink from "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Colorado River Conservation District v. United States, 424 U.S. 800, 817 (1976).

The mere pendency of parallel state litigation does not warrant a stay of proceedings. Id. In short, abstention "is the exception, and not the rule." Martinez-Rosado v. Instituto Medico del Norte, 145 F. Supp.2d 164, 169 (D.P.R. 2001).

The First Circuit has summarized the illustrative factors that courts should examine to determine the existence of "exceptional circumstances": (1) whether the federal or state court has assumed jurisdiction over property; (2) whether either forum creates greater inconvenience to the litigants; (3) whether piecemeal litigation can be avoided; (4) whether the order in which the forums obtained jurisdiction is significant; (5) whether state or federal law controls; and (6) whether the state forum provides adequate protection of the parties' rights. See Rivera-Puig v. García-Rosario, 983 F.2d 311, 320-21 (1st Cir. 1992)(quoting Burns v. Watler, 931 F.2d 140, 146 (1st Cir. 1991). In weighing these factors, the Court must accord significant weight to the presumption favoring the exercise of jurisdiction, and must also take into account that "the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding to it." Woodford v. Community Action Agency of Greene County, Inc., 239 F.3d 517, 522 (2d Cir. 2001).

There appear to be significant differences between the federal suit and the state administrative proceeding before the Personnel Administration System Board of Appeals (JASAP, as is commonly known in Spanish). Although both matters arguably stem from the same nucleus of operative facts, the state

2

administrative body is not equipped or empowered to provide the relief plaintiff requests in the federal suit. See <u>Martinez-Rosado</u>, 145 F. Supp.2d at 171 (<u>citing</u> <u>University of Md. at Baltimore v. Peat Marwick Main & Co.</u>, 923 F.2d 265, 276 n. 16 (noting that where state forum will not review plaintiff's federal claims, there can be no parallel state court litigation)).

The Court need not go further. The Court will decline to abstain pending the conclusion of the state administrative proceedings before JASAP. The defendants's motion is <u>denied</u>.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of May, 2002.

_____
JAY A. GARCIA-GREGORY
U.S. District Judge